# MARÍA MARGARITA VOLCY SOUFFRONT DE FLEURIAN ET AL.

*v.*

# LA COMPAGNIE DES SUCRERIES DE PUERTO RICO ET AL.

Ponce, Law, No. 207.

The court will compel a plaintiff in ejectment to reform his formal complaint so as to show whether the allegations of the answer are true or not, with a view of passing on the defense of *res judicata.*

Opinion filed June 1, 1907.

*C. M. Boerman, Esq.,* and *Luis Llorens, Esq.,* attorneys for plaintiffs.

*Messrs. Hartzell & Rodriguez,* attorneys for defendants.

RODEY, Judge, delivered the following opinion:

This is a most formal code complaint in ejectment, for the recovery of the possession of 504 cuerdas of first-class sugar-cane land situated near Juana Diaz on the south shore of Porto Rico, or for damages in the sum of $150,000 in lieu of recovery of premises and $15,000 additional damages for the sugar crop

Souffront de Fleurian v. La Compagnie des Sucreries.

of 1904-5, alleged to have been taken from the land by defendants.

It was filed in July, 1906. On August 11,1906, counsel for defendant La Compagnie des Sucreries de Puerto Rico demurred on the ground that plaintiffs allege no possession in themselves or their ancestors, of the land in question, etc., and because the complaint does not allege that at the time of the commencement of the action they were entitled to the possession. Thereafter, on August 18, 1906, the same counsel demurred on behalf of defendant Erneste Maurice on the same grounds. After the filing of other papers, on January 22, 1907, an answer was filed consisting of sixty pages of closely written typewriter matter. On February 1, 1907, counsel for plaintiffs filed a motion to strike out more than nine tenths of this answer, because it sets up matters of proof that need not be fully detailed in the pleadings, and for the reason that setting the same out in the pleadings encumbers the record, especially in case of appeal. On the same day, counsel for plaintiffs demurred to the third, fourth, and fifth defenses set up in the answer, on the ground that the facts stated therein do not constitute any defense to the complaint.

The cause is before us on the issues thus raised. On February 28, 1907, counsel for plaintiffs filed an eight-page brief in support of his demurrer to parts of the answer. On March 16th thereafter, counsel for defendants filed a twenty-five-page brief in opposition to the demurrer to the answer; and later, counsel for plaintiffs filed an additional six-page reply brief.

We have gone to considerable trouble in going through this entire mass of papers and desire here to make a few statements for the guidance of counsel in this and other cases in the future. To properly plead, answer, or demur is the right of every attor-

ney in every court; but there is a presumption which follows the practice of law that counsel will not needlessly encumber the court's record or carelessly waste the court's time either in the filing of suits in extremely doubtful causes of action, or by the putting in of manifestly frivolous pleas, answers, demurrers, exceptions, motions to strike, etc. A thorough examination of the record here leads the court to believe that the facts out of which this alleged cause of action arises are as follows:

That prior to 1879, during the Spanish *régime* in Porto Rico, the land in question, which is a sugar-cane plantation known as "Serano," belonged to the head of a family by the name of La Porte, he being the common source of title of both these parties. That shortly thereafter the ancestor of these plaintiffs, one Clemente Fleurian, entered into some sort of a deal with this man La Porte, whereby the land was to be deeded to Fleurian, and a deed to that end was actually executed, but never delivered, it being left with a local notary until the whole trade should be finished. It appears, though, that Fleurian went to this notary and got possession of the deed by some subterfuge and never paid any consideration for it and never carried out any of the rest of the trade. He then mortgaged the land to a co-conspirator, as it is claimed, named Labastide, and the latter instrument was put on record, although the deed to Fleurian is not of record to this day; and it is not stated how he managed to mortgage property to which he had no recorded title. When the La Porte family found out about this (the old man having died in the meantime), they brought a suit in France, all the parties, it seems, belonging in that country and being in Porto Rico only temporarily at times, and where it seems the contract for the whole deal was made; and after a hot legal contest in that country, prosecuted to the highest court of the Republic, se-

Souffront de Fleurian v. La Compagnie des Sucreries.

cured the cancelation of the deed and the mortgage given under it in so far as a decree in a French court could do so as to land situated in Porto Rico, and, in addition, prosecuted Fleurian criminally and sent him to prison in that country for a considerable term in punishment for the fraud. In the meantime, the heirs of this man La Porte sold the land to two persons named Forgas and Gallart and gave up the possession to them, and the latter thereafter conveyed and surrendered possession thereof to the defendant corporation. It does not appear anywhere that this man Fleurian or his mortgagee ever had any possession of this land. The La Porte heirs, when conveying to Forgas and Gallart, entered into a direct contract with them to pursue this litigation against the Fleurian family and this man Labastide until the property should be cleared from all cloud on the title under Porto Rican law, caused by their claim, and a large portion of the purchase price was withheld to insure its accomplishment. This the La Porte family did by bringing a suit in the court of first instance at Ponce against Fleurian and Labastide or their representatives, and prosecuting the same with uniform success to the supreme court of Porto Rico and to the Supreme Court of Spain, where the defendants appealed it, the suit being finally dismissed on their motion on the default of the Fleurians in the latter court, leaving the Porto Rico supreme court decision in force. It appears from the answer that the defendant corporation transferred 480 odd acres of the tract to the defendant Erneste Maurice, and as the concern is running a sugar plant and milling the sugar from all the surrounding country, while it is none of our affair, the court suspects that this transfer may have been made, and perhaps in good faith, to avoid the effect of the act of Congress which prevents corporations owning more than 500 acres of land in this

island. The answer of the defendants further sets out that, by themselves and their predecessors in interest, they have been in the uninterrupted possession and enjoyment of this tract of land for more than twenty years last past.

It further appears that on February 1, 1904, these same plaintiffs, as heirs of the said Clemente Fleurian, and presumably claiming under the fraudulent and now canceled deed aforesaid, filed a bill in equity in this court to quiet their title to the land in question, but it appears from the record, although the papers are not before us, that the cause went out on general demurrer.

Thus it will be seen that if the land is the same,—and everything in the records shows that it is,—and if these plaintiffs are claiming the same, although never having had any possession thereof, as heirs of their husband or father under this fraudulent deed,—and everything in the record seems to indicate that they do,—even though the present complaint is a formal one under the Code, then the matter has been litigated and settled several times; and plaintiffs are absolutely without right of any kind or character in or to the land in question, and they are simply wasting the time of the court and annoying the defendants The brief of defendants states that soon after the present suit was filed, he made an application to the court, asking that plaintiffs, in the interest of justice, be forced to set out in their complaint in some more definite way by what right they claim the land in question, and asserts that this application was resisted and the court denied it, and that for this reason he was forced to set up in full detail all of this matter in his answer. We have no distinct recollection, nor does the record show, that we made such ruling; but if we did, it must have been on the theory that ordinarily plaintiffs have the right to file this sort of a form-

Souffront de Fleurian v. La Compagnie des Sucreries.

al complaint in ejectment under the Code without setting up their source of title. However, we feel so opposed to this sort of effort to waste the time of the court in useless attempts to keep up litigation that for the present we overrule plaintiffs' motion to strike, and their demurrers to the answer, and call upon them to file a replication within ten days or such longer period as they may, if at all, be entitled to, setting up the fact whether or not the answer is true in so far as it sets out the source of plaintiffs' title and describes or recites these proceedings in other courts regarding this property.

If it shall transpire that the answer has set up the real facts in the case, then, on the application of defendants, the action will be immediately dismissed at the cost of the plaintiffs; and the court here intimates that if it shall so develop that the answer has set up the real facts, and defendants will at once file a bill to quiet their title and enjoin these plaintiffs, the court will, after due proof in the premises, feel inclined to give it very favorable consideration.

And while speaking on the subject, we desire here to place on record as emphatically as may be, our disapproval of useless annoying and probably unfounded litigation. This matter appears to be *res judicata* beyond any question; and with all due consideration we submit that counsel for plaintiffs ought to be aware of that fact. His briefs evade the facts set up in the answer, and proceed to argue the law as to *res judicata,* estoppel, the right to successive writs or suits in ejectment, the nonbarring of a higher suit by defeat in a suit of lower order, and many other immaterial matters.

In our opinion, the proceedings heretofore had, both in the French courts and in the Spanish Porto Rican courts, were equitable in character, as was the suit in this court; and, unless

the right under which plaintiffs claim has arisen since, the matter is *res judicata* and they are barred. Let proper orders be entered, and notices issued hereunder.